JEFFREY A. BARKER (S.B. #166327)
jbarker@omm.com
SCOTT W. PINK (S.B. #122383)
spink@omm.com
PETER D'AGOSTINO (S.B. #315419)
pdagostino@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Defendant H&R Block, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| INTUIT INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>H&R BLOCK, INC., HRB TAX GROUP, INC., and HRB DIGITAL LLC,<br><br>　　　　　Defendants. | Case No. 5:24-cv-00253<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT H&R BLOCK, INC. TO DISMISS INTUIT INC.'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:  Hon. Beth Labson Freeman<br><br>Hearing Date:  April 18, 2024<br>Hearing Time:  9:00 a.m.<br><br>Complaint Filed:  January 15, 2024 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on April 18, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Defendant H&R Block, Inc. will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Intuit Inc.'s Amended Complaint (ECF No. 18) for lack of personal jurisdiction because H&R Block, Inc. has no connection to the State of California and is not subject to personal jurisdiction in this state.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Katherine Haynes, Composite Exhibit B, the Proposed Order, the record in this action, and such evidence and oral argument as may be permitted at the hearing hereof.

Dated:  January 19, 2024                           O'MELVENY & MYERS LLP


                                                   By:  */s/ Jeffrey A. Barker*
                                                        Jeffrey A. Barker

                                                   *Attorneys for Defendant H&R Block, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant H&R Block, Inc. ("H&R Block") has no connection to the State of California, Plaintiff, or the matters at issue in this case. There is no general personal jurisdiction over H&R Block because it has no substantial, continuous, or systematic contacts with California. Nor does this Court have specific personal jurisdiction over H&R Block. H&R Block has not directed any actions whatsoever at Plaintiff or California. Because this Court has neither general nor specific personal jurisdiction over H&R Block, the Amended Complaint must be dismissed as to H&R Block pursuant to Rule 12(b)(2).

## II. STATEMENT OF RELEVANT FACTS

On January 15, 2024, Plaintiff filed a lawsuit against H&R Block alleging four causes of action related to alleged advertising and marketing by a related but separate company, HRB Digital LLC. Three days later, Plaintiff filed an amended pleading. In the currently operative Amended Complaint, Plaintiff alleges, in part, that H&R Block "advertises, markets, and sells tax-preparation products and services, including online tax-preparation products." ECF No. 18 ¶ 11. Not so. In fact, HRB Digital LLC—a wholly-owned, indirect subsidiary—operates Block's online tax preparation products, *not* H&R Block.

As established in the Declaration of Katharine Haynes ("Haynes Decl."), attached as **Exhibit A**, H&R Block is a naked holding company that is the ultimate parent entity to other separate, legally distinct entities in the H&R Block corporate family. Haynes Decl. ¶ 7. H&R Block is a Missouri corporation with its principal place of business located at One H&R Block Way, Kansas City, Missouri 64105. *Id*. at ¶¶ 6, 8. Missouri is the only state in which H&R Block is authorized to transact business. *Id*. at ¶ 8.

H&R Block is not incorporated under California law. *Id*. at ¶ 6. It has no physical presence in California. *Id*. at ¶¶ 6-15. It does not have employees,

1

customers, or a registered agent for service of process in California. *Id*. at ¶ 12. H&R Block also does not advertise or solicit business in California. *Id*. at ¶ 11. It provides no goods or services in California, nor does it consume any goods in California. *Id*. at ¶ 10.

H&R Block does *not* own or operate the website that is the subject of the lawsuit. H&R Block is not responsible for and has no control over that website's content or the content of related web-based ads and social media. *Id*. at ¶ 15.

Because these facts establish that the Court lacks general and specific personal jurisdiction, H&R Block respectfully requests that the Court dismiss it from this action.

### III.  LEGAL ARGUMENT

The Court should dismiss the Complaint as to H&R Block because the Court lacks personal jurisdiction over H&R Block. Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal of an action based on "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *see also* Fed. R. Civ. P. 4(k)(1) (establishing personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

"California's long-arm [statute] permits the exercise of jurisdiction to the limits of due process." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002); *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). For due process to be

1  satisfied, a nonresident defendant "must have at least 'minimum contacts' with the
2  relevant forum such that the exercise of jurisdiction 'does not offend traditional
3  notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin*
4  *Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v.*
5  *Washington*, 326 U. S. 310, 316 (1945)).

6  "[F]or purposes of personal jurisdiction, 'we may not assume the truth of
7  allegations in a pleading which are contradicted by affidavit.'" *Alexander v. Circus*
8  *Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (quoting *Data Disc, Inc. v. Sys.*
9  *Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir.1977)).  "In opposition to a
10 defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears
11 the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539
12 F.3d 1011, 1015 (9th Cir. 2008).

13 In order to meet this burden, Plaintiff must demonstrate either general
14 jurisdiction or specific jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v.*
15 *Hall*, 466 U.S. 408, 414–16 (1984).  As demonstrated herein, Plaintiff cannot
16 establish either.

17 **A. There is no general personal jurisdiction over H&R Block.**

18 General personal jurisdiction means that a court may exercise jurisdiction
19 over an out-of-state party for all purposes. *See Daimler AG v. Bauman*, 571 U.S.
20 117, 133 (2014).  According to established Supreme Court precedent, "[a] court
21 may assert general jurisdiction over [out-of-state] corporations to hear any and all
22 claims against them when their affiliations with the State are so 'continuous and
23 systematic' as to render them essentially at home in the forum State." *BNSF Ry.*
24 *Co. v. Tyrell*, 581 U.S. 402, 413 (2017); *Daimler*, 571 U.S. at 136; *Goodyear*
25 *Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

26 "For general jurisdiction to exist over a nonresident defendant . . . the
27 defendant must engage in continuous and systematic general business contacts that
28 approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at

801 (internal quotations and citations omitted); *see also Glencore Grain*, 284 F.3d at 1124.  "The standard for establishing general jurisdiction is fairly high." *Bancroft & Masters, Inc. v. Augusta National Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled on other grounds*.  Factors to be considered are whether a business is incorporated in California; whether a business makes sales, solicits, or engages in business in California; serves California's markets; holds a license in California; or has employees or an agent for service of process in California.  *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

The relevant factors require a finding of no general jurisdiction here.  H&R Block has no presence in California.  Haynes Decl. ¶¶ 8, 10-14.  H&R Block is not registered to do business in California.  *Id*. at ¶ 14.  It provides no goods or services in California, nor does it consume any goods in California.  *Id*. at ¶ 10.  H&R Block does not advertise or solicit business in California.  *Id*.  And H&R Block does not have employees, customers, or a registered agent for service of process in California.  *Id*. at ¶ 12.

H&R Block does not provide tax-preparation services, in person or through the use of online tax preparation software by tax filers, in California.  *Id*. at ¶¶ 7, 13. H&R Block provides no goods consumed or services rendered in California.  *Id*. at ¶ 10.  H&R Block is not registered to do business in California and has no agent for service of process in California.  *Id.* at ¶¶ 12, 14.  Thus, none of the relevant factors supports general jurisdiction over H&R Block in this case.

Here, Plaintiff fails to allege sufficient jurisdictional facts as to H&R Block. In the Amended Complaint, Plaintiff pleads the following jurisdictional allegation as to all defendants—including H&R Block:

> This Court has personal jurisdiction over Defendants because each has purposefully availed itself of the privilege of doing business in this District and engaged in tortious acts causing injury in this District. Defendants offer for sale and extensively advertise their tax-preparation

>services throughout California and to California consumers in this District, where they also have numerous retail locations. This advertising includes unlawful false advertising comparing their products with Intuit's TurboTax products, a tortious act causing injury to consumers and Intuit, a corporation headquartered in this District.

ECF No. 18 ¶ 14. This inaccurate, blanket allegation is insufficient to support the Court's general or specific jurisdiction over H&R Block.

Based upon the lack of sufficient jurisdictional allegations in the Amended Complaint and the undisputed facts in the Haynes Declaration, this Court must find that there is no general jurisdiction over H&R Block. State and federal courts in California have repeatedly and consistently reached the same necessary conclusion. *See, e.g.*, *Mack, et al. v. The State of California, et al.*, Case No. ED CV 19-209-AG(SP) (C.D. Cal. Sept. 24, 2019) (order granting H&R Block's motion to dismiss for lack of personal jurisdiction); *Cortese v. H&R Block Tax and Business Servs., Inc., et al.*, Case No. 14-7550-PSG-MRW (C.D. Cal., Jan. 15, 2016) (same); *King v. H&R Block, Inc., et al.*, Case No. BC713818 (L.A. Sup. Ct.) (Mar. 15, 2019) (order granting H&R Block's motion to quash service of summons and complaint for lack of personal jurisdiction); *Sisson et al. v. Wells Fargo Bank NA, et al.*, Case No. BC480833 (L.A. Sup. Ct.) (July 24, 2014) (order granting H&R Block's motion to quash for lack of personal jurisdiction); *Sayabath, et al. v. Invesco Ltd., et al.*, Case No. 34-2009-00066011 (Sacramento Sup. Ct.) (July 7, 2011) (same); *Celsi v. H&R Block, Inc., et al.*, Case No. DR081255 (Humboldt Sup. Ct.) (Apr. 14, 2010) (same) ("There is no evidence of 'extensive contacts' for general jurisdiction . . . ."). The referenced orders are attached hereto as **Composite Exhibit B**.

Accordingly, there is no basis to exercise general personal jurisdiction over H&R Block in California.

**B. There is no specific jurisdiction over H&R Block.**

To establish specific personal jurisdiction, the Ninth Circuit applies a three-part test:

> (1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (citing *Schwarzenegger*, 374 F.3d at 802).

In making this showing, the plaintiff bears the burden of establishing the first two prongs of the test. *Id.* If a plaintiff satisfies this burden, the defendant must come forward with a "compelling case" that personal jurisdiction would be unreasonable. *Id.* But if the plaintiff fails the first step, the inquiry ends—and the case must be dismissed. *Id.*

Under the first prong of this three-part specific jurisdiction test, Plaintiff must establish that H&R Block "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California." *Schwarzenegger*, 374 F.3d at 802. The proper inquiry is "whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 803). Specifically, to satisfy this standard, "'the defendant allegedly [must] have (1) committed an intentional act,

6

H&R BLOCK, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

(2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Schwarzenegger*, 374 F.3d at 803).

As the Haynes Declaration demonstrates, H&R Block has no connection to the actions alleged in the Complaint. H&R Block does *not* own or operate the website that is the subject of the lawsuit. Haynes Decl. ¶ 15. H&R Block is not responsible for that website's content or the content of web-based ads and social media. *Id.* The evidence proves that H&R Block, in fact, does not conduct and is not authorized to do business in California, and it does not engage in any activities in California—it is a holding company. *Id.* at ¶¶ 6-15.

Given H&R Block's lack of connection to California, H&R Block cannot be subject to specific jurisdiction in California.

## IV.   CONCLUSION

For the reasons stated herein, H&R Block respectfully requests that this Court enter an order dismissing this action against it for lack of personal jurisdiction.

Dated: January 19, 2024

O'MELVENY & MYERS LLP

By: _____*/s/ Jeffrey A. Barker*_____
       Jeffrey A. Barker

*Attorneys for Defendant H&R Block, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, a copy of the foregoing was served pursuant to the Court's ECF system.

By:    */s/ Jeffrey A. Barker*
        Jeffrey A. Barker