UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTUIT INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HRB TAX GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-00253-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS; GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION**<br><br>[Re: ECF Nos. 90, 91, 97, 99] |

Before the court are four administrative motions filed in connection with the parties' preliminary injunction motions:

1. Intuit's Administrative Motion to File Under Seal Portions of Preliminary Injunction Motion and Supporting Documents. ECF No. 90.

2. Intuit's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 91.

3. Block's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 97.

4. Intuit's Administrative Motion to File Under Seal Portions of Exhibit A Attached to Intuit's Opposition to Motion to Strike. ECF No. 99.

For the reasons described below, the Court rules as follows: the administrative motions at ECF Nos. 90, 97, and 99 are GRANTED; the administrative motion at ECF Nos. 91 is GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

**II. DISCUSSION**

**A. ECF No. 90**

Intuit filed the Administrative Motion to File Under Seal Portions of Preliminary Injunction Motion and Supporting Documents on July 26, 2024. ECF No. 90. Intuit seeks to seal selected portions of its motion and it corresponding exhibits. *Id.* Intuit writes that the information should be sealed because "[t]he information would also be highly valuable to competitors and would harm Intuit's competitive standing if publicly disclose: It would allow Intuit's competitors to modify their business strategies based on Intuit's proprietary data and give competitors insight

2

into metrics that influence Intuit's confidential business strategies." *Id.* at 2–3. Intuit argues that the portions are narrowly tailored. ECF No. 90-1 ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **ECF No. 89** | Intuit Motion for Preliminary Injunction | Highlighted portions at 10:18-23, 15:5-6, and Exhibit Index. | Granted, as the highlighted portions contain sensitive material related to tax expert training and confidential business data and metrics regarding customer satisfaction. *See* ECF No. 90-1 ¶¶5, 10. |
| **Ex. A** | Elizabeth Berger Declaration in support of Intuit's Motion for Preliminary Injunction | Highlighted portions at 6:14; 6:21-22, 7:21-8:1; 8:n.1; 8:18-19; 8:20-21; 9:1-2. | Granted, as the highlighted portions reveal sensitive tax expert training materials, confidential business data and metrics regarding customer satisfaction with expert final reviews, and the number of consumers who completed such reviews. *See* ECF No. 90-1 ¶¶5-8. |
| **Ex. D** | Bailey Declaration in support of Intuit's Motion for Preliminary Injunction | Highlighted portions in ¶¶ 9, and 11. | Granted, as the highlighted portions contain sensitive tax expert training materials and tools used by Intuit tax experts to conduct expert final reviews. *See* ECF No. 90-1 ¶11. |
| **Ex. 12** | tNPS Data | In its entirety | Granted, as the document consists of sensitive and confidential business data and metrics regarding customer satisfaction. *See* ECF No. 90-1 ¶5. |
| **Ex. 13** | Conversion Rate Data | In its entirety | Granted, as the document consists of sensitive and confidential business data and metrics regarding customer conversion rate. *See* ECF No. 90-1 ¶7. |

3

| | | | |
|---|---|---|---|
| **Ex. 21** | Number of Customers Data | In its entirety | Granted, as the document consists of sensitive and confidential business data and metrics regarding the number of customers who filed using TurboTax Live Assisted and fell into certain sub-categories.  *See* ECF No. 90-1 ¶6. |
| **Ex. 7** | Screenshots of Expert Final Review Upgrade to Full Service | Pages 15, 16, and 20. | Granted, as the identified pages show the proprietary and confidential software and tools TurboTax experts use.  *See* ECF No. 90-1 ¶9. |
| **Ex. 8** | Expert Review End-to-End Guide | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 9** | When and how should I suggest a customer upgrade to Full Service from Expert Review? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 15** | How does a tax expert help a customer upgrade to Full Service from Expert Review? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 16** | What should I do if a customer wants their taxes prepared or reviewed? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 17** | What's the difference between an Expert Review and a Full Service upgrade? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 18** | How do I help a TurboTax Live customer schedule a review? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 19** | What service exclusions should a tax expert identify? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 20** | What are common snippets for recommending that a customer upgrade to Full Service? | In its entirety | Granted, as the document consists of sensitive tax expert training materials.  *See* ECF No. 90-1 ¶8. |
| **Ex. 39** | Excerpts from Joe Lillie Deposition Transcript | Highlighted portions on Transcript page 163. | Granted, as the highlighted portion contains sensitive material related to the provision of expert final reviews, including tax expert training.  *See* ECF No. 90-1 ¶10. |

**A.     ECF No. 91**

Intuit filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 26, 2024.  ECF No. 90.  Block submitted a declaration seeking to seal selected portions of Intuit's motion and its corresponding exhibits.  ECF No. 101.  Block writes that the information should be sealed because "[t]he documents and information identified above that Block seeks to seal contain sensitive business information and other highly confidential material, which, if disclosed, could harm Block's competitive strategy in the online tax preparation market."  *Id.* at 5.  Block argues that the portions are narrowly tailored.  *Id.* at 6.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **ECF No. 89** | Intuit's Motion for a Preliminary Injunction | Highlighted portions at 1:13-14; 1:15-16; 1:20-21; 2:3-11; 4:28-5:5; 5:13-15; 5:25-6:1; 6:15-16; 8:3-4; 8:12-13; 8:22; 10:14-17; 11:1-9; 12:6; 12:8; 12:19-21; 14:11-14; 15: 1-4, and Exhibit Index. | Denied as to the highlighted portions at 1:13-14, 8:3-4, 8:12-13, 10:14-17, and 12:8 because Block does not seek to keep the information under seal.  ECF No. 101 at 1.<br><br>Otherwise granted, as the contain or reflect Block's specific business metrics, business strategies and decisions, consumer data, and marketing strategies and decisions. See Hansen Decl. ¶¶ 3, 15. |

| | | | |
|---|---|---|---|
| **Ex. 49** | (HRB0000919) | In its entirety | Granted, as it contains Block's sensitive material related to business strategies and marketing decisions for the 2024 tax season. *See* Hansen Decl. ¶ 5. |
| **Ex. 40** | Excerpts of Watts Deposition Transcript | Highlighted portions at 77:1-23; 110:1-25; 112:1-113:5; 113:7-114:10; 114:23-25; 116:1-25; 119:1-11; 119:23-121:9; 121:11-121:17; 127:1-10; 127:12-127:14; 194:1-2; 194:4-13; 194:20-23; 195:16-196:20; 196:22-197:7; 197:9 | Denied as to the highlighted portions at 114:23-25, 119:1-11, 194:1-2, and 194:4-13 because Block does not seek to keep the information under seal. ECF No. 101 at 2.<br><br>Otherwise granted, as they contain testimony regarding Block's business strategy and decisions, business data, pricing decisions, and marketing strategies. See Hansen Decl. ¶¶ 4, 15. |
| **Ex. 50** | HRB0001482 | In its entirety | Granted, as it contains sensitive material related to business data and strategies for Block's DIY market plan. *See* Hansen Decl. ¶ 6. |
| **Ex. 51** | HRB0000802 | In its entirety | Granted, as it contains sensitive material related to Block's strategies with regard to the competitive pricing of its products. *See* Hansen Decl. ¶ 7. |
| **Ex. 52** | HRB0001217, HRB0001218, HRB0001223 | In its entirety | Granted, as it contains sensitive material related to internal communications discussing marketing, business data, and strategies regarding Block's Tax Pro Review product. *See* Hansen Decl. ¶ 8. |
| **Ex. 53** | HRB0000868 | In its entirety | Granted, as it contains sensitive material related to Block's business and marketing strategies for its Tax Pro Review product. *See* Hansen Decl. ¶ 9. |
| **Ex. 54** | HRB0002079 | In its entirety | Granted, as it contains sensitive material related to business data and strategies for its DIY tax products. *See* Hansen Decl. ¶ 10. |
| **Ex. 55** | HRB0001266 | In its entirety | Granted, as it contains sensitive material related to Block's internal communications discussing marketing, business data, and strategies for its DIY tax products. *See* Hansen Decl. ¶ 11. |
| **Ex. 56** | HRB0001913 | In its entirety | Granted, as it contains sensitive material related to Block's internal meeting notes discussing competitive marketing, |

| | | | |
|---|---|---|---|
| | | | pricing, business data, and strategies for Block's products. *See* Hansen Decl. ¶ 12. |
| **Ex. 57** | Excerpts of Curtis Deposition Transcript | Highlighted portions at 122. | Denied because Block does not seek to keep under seal the highlighted portions at 122. ECF No. 101 at 3; *see* Hansen Decl. ¶ 15. |

### A.   ECF No. 97

Block filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on July 31, 2024.  ECF No. 97.  Intuit submitted a declaration seeking to seal selected portions of Block's preliminary injunction motion and its corresponding exhibits.  ECF No. 102.  Intuit writes that certain training documents should be sealed because they "detail the way in which Intuit trains TurboTax experts to offer expert assistance to TurboTax customers, including through an expert final review that Intuit offers as a way to differentiate itself from competitors" *Id.* at 1.  Intuit writes that certain business data and metric documents should be sealed because it "is highly confidential, would be highly valuable to competitors, and would harm Intuit's competitive standing if publicly disclosed: It would allow Intuit's competitors to modify their business strategies based on Intuit's proprietary data and give competitors insight into metrics that influence Intuit's confidential business strategies"  Intuit argues that the portions are narrowly tailored.  *Id.* at 2.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

\\

\\

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 96 | Block's Motion for Preliminary Injunction | Highlighted portions at 2:4-5; 2:15-19; 4:12-14; 4:17-21; 5:1-3; 5:8-11; 5:13-16; 6:16-17; 6:27-28; 11:4-17; 13:27-14:2; 14:16-18; 14:20; 15:6 | Granted, as the highlighted portions contain sensitive material related to tax expert training and confidential business data and metrics regarding customer satisfaction and product usage. See ECF No. 102-1 ¶¶5 – 9. |
| 96-1 | Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | Highlighted portions at 2:6-9; 2:11; 2:14-15; 2:17-18; 2:20-21 | Granted, as the highlighted portions contain sensitive material related to tax expert training and confidential business data and metrics regarding customer satisfaction and product usage. See ECF No. 102-1 ¶¶5 – 9. |
| 96-13 | Exhibit 12 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive and confidential business data and metrics regarding customer satisfaction. See ECF No. 102-1 ¶5. |
| 96-14 | Exhibit 13 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive tax expert training materials. See ECF No. 102-1 ¶6. |
| 96-15 | Exhibit 14 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive tax expert training materials. See ECF No. 102-1 ¶6. |
| 96-16 | Exhibit 15 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive tax expert training materials. See ECF No. 102-1 ¶6. |
| 96-17 | Exhibit 16 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive tax expert training materials. See ECF No. 102-1 ¶6. |
| 96-18 | Exhibit 17 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | In its entirety | Granted, as the document consists of sensitive tax expert guidance and training materials. See ECF No. 102-1 ¶7. |

| | | | |
|---|---|---|---|
| 96-32 | Exhibit 31 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | Highlighted portion at 19:19-20 | Granted, as the highlight portion contains sensitive and confidential business data and metrics. See ECF No. 102-1 ¶8. |
| 96-41 | Exhibit 40 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | Highlighted portions at 39:1-43:19, and 44:5-25 | Granted, as the highlighted portion contains sensitive material related to tax expert training. See ECF No. 102-1 ¶9. |
| 96-43 | Exhibit 42 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | Highlighted portions at 128:4-7; 128:9-129:25; 130:2-25 | Granted, as the highlight portions discuss sensitive and confidential business data and metrics. See ECF No. 102-1 ¶9. |
| 96-44 | Exhibit 43 to the Declaration of Marissa Baron in Support of Block's Motion for Preliminary Injunction | Highlighted portions at 130:2-131:10; and 131:16-132:20 | Granted, as the highlight portions discuss sensitive and confidential business data and metrics. See ECF No. 102-1 ¶9. |

### A.   ECF No. 99

Intuit filed the Administrative Motion to File Under Seal Portions of Exhibit A Attached to Intuit's Opposition to Motion to Strike on August 1, 2024.  ECF No. 99.  Intuit seeks to seal selected portions Exhibit A of its motion to strike.  ECF No. 99.  Intuit writes that the information should be sealed because "The information would be highly valuable to competitors and would harm Intuit's competitive standing if publicly disclose: It would allow Intuit's competitors to modify their business strategies based on Intuit's proprietary data and give competitors insight into metrics that influence Intuit's confidential business strategies." *Id.* at 1.  Intuit argues that the portions are narrowly tailored.  ECF No. 99-1 at ¶ 7.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

9

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 98, Ex. A | Exhibit A, Dr. Ugone's Expert Report | Highlighted portions at 6:24- 7:10; 22:4-7; 22:10-11; 23:4-6; 23:17-19; 24:3- 15; 25n.41; 25:9- 13; 26:1-3; 26:8- 20; 27:1-17; 27n.46; 28:1-17; 28n47; 33:23- 34:9; 37:2-17; 38:1; 38:8-10; 38:20; 38:23 – 39:2; 39:12-16; 39n.73; 39n.74 | Granted, as the highlighted portions contain confidential business data and metrics regarding customer satisfaction. See Berger Decl. ¶¶3-5. |
| ECF No. 98, Ex. A | Exhibit A, Dr. Ugone's Expert Report | Highlighted portions at A-13; A-16; Ex. 3, p. 1 | Granted, as the highlighted portions contain sensitive material related to tax expert training. See Berger Decl. ¶¶3, 6. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 90 is GRANTED.
2. ECF No. 91 is GRANTED IN PART AND DENIED IN PART.
3. ECF No. 97 is GRANTED.
4. ECF No. 99 is GRANTED.

All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **September 1, 2024**. The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **September 1, 2024**, unless they are filing a renewed sealing motion for any document in that filing.

Dated: August 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge