1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

INTUIT INC.,

        Plaintiff,

  v.

HRB TAX GROUP, INC., et al.,

        Defendants.

Case No.  5:24-cv-00253-BLF

**ORDER GRANTING IN PART
ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE
SEALED**

[Re: ECF No. 126]

      Before the Court is Defendants HRB Tax Group, Inc. and HRB Digital LLC's (collectively, "Block") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, filed in conjunction with Block's Amended Counterclaims.  ECF No. 126.  For the reasons described below, the Court GRANTS IN PART AND DENIES IN PART the administrative motion.

## I.    LEGAL STANDARD

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

1   1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

2          Records attached to motions that are "not related, or only tangentially related, to the merits

3   of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809

4   F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

5   court records attached only to non-dispositive motions because those documents are often

6   unrelated, or only tangentially related, to the underlying cause of action." (internal quotations

7   omitted)).  Parties moving to seal the documents attached to such motions must meet the lower

8   "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1180.  This standard requires a

9   "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is

10  disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.

11  2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific

12  examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

13  F.2d 470, 476 (9th Cir. 1992).

14         In addition, in this district, all parties requesting sealing must comply with Civil Local

15  Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a

16  document under seal, including an explanation of: (i) the legitimate private or public interests that

17  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

18  alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

19  requires the moving party to provide "evidentiary support from declarations where necessary."

20  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

21  material."  Civ. L.R. 79-5(c)(3).

22         Further, when a party seeks to seal a document because it has been designated as

23  confidential by another party, the filing party must file an Administrative Motion to Consider

24  Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing

25  party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the

26  party who designated the material as confidential must, within seven days of the motion's filing,

27  file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-

28  5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing

United States District Court
Northern District of California

2

of the provisionally sealed document without further notice to the designating party. *Id.* Any

party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.    DISCUSSION

Block filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on September 9, 2024. ECF No. 126. On September 16, 2024, Intuit filed a statement setting forth the portions of Block's Amended Counterclaims that it believes should remain under seal. ECF No. 137. Intuit writes that the information should be sealed because it "reflect[s] confidential business information that would harm its competitive standing." *Id.* at 1. Intuit argues that information about its training materials and related documents could be used by its competitors to "develop their own training and offer similar expert assistance, directly harming Intuit's competitive standing." *Id.* at 1–2. In addition, Intuit argues that its "sensitive confidential business data . . . would be highly valuable to competitors" and could allow them to "modify their business strategies based on Intuit's proprietary data." *Id.* at 2. Finally, Intuit seeks to keep under seal information about Intuit's market research, since public disclosure of that information could give Intuit's competitors an unfair competitive advantage. *Id.* at 3.

The Court finds that compelling reasons exist to seal the portions of the documents for which Intuit seeks to maintain sealing. "Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at \*9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted). Such competitive information can include confidential training materials, marketing information, and business data. *See Baack v. Asurion, LLC*, No. 220-CV-00336, 2021 WL 3115183, at \*1–4 (D. Nev. July 22, 2021); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082, 2020 WL 6387381, at \*2 (N.D. Cal. Feb. 24, 2020); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at \*2 (N.D. Cal. Aug. 2, 2016); *Algarin v. Maybelline, LLC*, No. 12-CV-3000, 2014 WL 690410, at \*3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal "confidential business material, marketing strategies, [and] product development plans [that] could

United States District Court
Northern District of California

result in improper use by business competitors seeking to replicate" those strategies). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| **125** | Block's Amended Counterclaims | Highlighted portions at 1:9; 2:11; 2:24; 3:11; 16:26–28; 17:1; 17:3; 17:6; 21:5–8; 21:12; 26:12; 26:15–17; 27:3–6; 27:9. | Denied as to the highlighted portions at 2:23; 2:27–3:10; 3:12–15; 17:2; 17:4; 19:19; 21:9–10; 21:13; 26:13; 26:18–19; 27:1–2; 27:7–8; 27:10; and 27:11–12, as Intuit does not seek to keep those portions under seal.<br><br>Granted as to the highlighted portions indicated in this chart, as containing sensitive material related to confidential business data, Intuit's expert training materials, and Intuit's marketing strategy. *See* ECF No. 137-1 ¶ 5. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that ECF No. 126 is GRANTED IN PART AND DENIED IN PART. All denials are WITHOUT PREJUDICE. Any refiled administrative motion or declaration SHALL be filed no later than **October 3, 2024**. Block SHALL refile a public version of its Amended Counterclaims reflecting the narrower redactions granted in this Order by **October 4, 2024**, unless either party has filed a renewed sealing motion related to Block's Amended Counterclaims.

**IT IS SO ORDERED.**

Dated:  September 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge