UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTUIT INC.,<br>    Plaintiff,<br>v.<br>HRB TAX GROUP, INC., et al.,<br>    Defendants. | Case No. 5:24-cv-00253-BLF<br><br>**ORDER GRANTING ECF NO. 114; GRANTING IN PART AND DENYING IN PART ECF NOS. 115, 117**<br><br>[Re: ECF Nos. 114, 115, 117] |

Before the Court are two administrative motions filed in connection with Defendants HRB Tax Group, Inc. and HRB Digital LLC's ("Block") Opposition to Plaintiff Intuit Inc.'s ("Intuit") Motion for Preliminary Injunction:

1. Block's Administrative Motion to Seal Portions of Its Opposition to Intuit's Motion for Preliminary Injunction. ECF No. 114.

2. Block's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF Nos. 115, 117.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 114 is GRANTED, and the administrative motion at ECF Nos. 115 and 117 is GRANTED IN PART AND DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong

presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider

1  Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing
2  party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the
3  party who designated the material as confidential must, within seven days of the motion's filing,
4  file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-
5  5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing
6  of the provisionally sealed document without further notice to the designating party. *Id.* Any
7  party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.   DISCUSSION

### A.   ECF No. 114

Block filed the Motion to Seal Portions of Its Opposition to Intuit's Motion for Preliminary Injunction on August 23, 2024. ECF No. 114. Block seeks to seal selected portions of its exhibits submitted in support of its Opposition to Intuit's Motion for Preliminary Injunction. *Id.* at 1. Block writes that the information should be sealed because it "consist[s] of proprietary information which Block keeps confidential and does not publicly disclose" and "contain[s], or refer[s] to, Block's internal business metrics." *Id.* at 2. If the information was publicly disclosed, Block argues that it would permit "competitors [to] use Block's proprietary and confidential information to inform their own business decisions and marketing strategies to gain an advantage over Block" and would put Block "at a competitive disadvantage in the online tax preparation services marketplace." *Id.* Block argues that the portions identified for sealing are narrowly tailored. *Id.* at 3. Intuit did not oppose Block's administrative motion.

The Court finds that compelling reasons exist to seal the identified documents. "Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding compelling reasons to seal documents containing confidential discussions about "proprietary business strategy, including pricing and

3

marketing decisions"); *see Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **113-16** | Exhibit 15 to Baron Declaration | Entire document | Granted, as the document contains sensitive material related to internal communications about marketing, business data, and strategies regarding Block's Tax Pro Review product. *See* ECF No. 114-1 ¶ 4. |
| **113-17** | Exhibit 16 to Baron Declaration | Entire document | Granted, as the document contains sensitive material related to business data and strategies for its DIY tax products. *See* ECF No. 114-1 ¶ 5. |

### B. ECF Nos. 115, 117

Block initially filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed as ECF No. 115 on August 23, 2024. ECF No. 115. Shortly thereafter, Block filed a Motion to Remove Incorrectly Filed Documents, informing the Court that it had "inadvertently omitted certain redactions of material Intuit Inc. claims is confidential" from its Opposition to Intuit's Motion for Preliminary Injunction as well as two exhibits. ECF No. 116 at 1. Block explained that it would file corrected versions of the documents as well as "corrected versions of ECF Nos. 115 and 115-2." *Id.* Later that day, the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed was refiled as ECF No. 117, attaching the corrected documents.

Intuit filed a statement setting forth the portions of Block's Opposition, the supporting Declaration of Marissa Baron, and the Exhibits attached thereto that it believed should remain under seal. ECF No. 119. Intuit writes that it seeks to maintain sealing of materials that "contain sensitive information related to Intuit's provision of an expert final review for free to TurboTax Live Assisted customers;" if released, that information would allow Intuit's competitors to

"leverage Intuit's efforts to develop their own training and offer similar expert assistance, directly harming Intuit's competitive standing." *Id.* at 1–2.  In addition, Intuit argues that sensitive confidential business data and metrics for which it seeks to maintain sealing "would harm Intuit's competitive standing if publicly disclosed: It would allow Intuit's competitors to modify their business strategies based on Intuit's proprietary data and give competitors insight into metrics and pricing information that influence Intuit's confidential business strategies." *Id.* at 2.  Finally, Intuit seeks to maintain sealing of "confidential information about Intuit's marketing strategies and priorities" because that information, if disclosed, could "enable Intuit's competitors to gain an unfair competitive advantage." *Id.* at 3.  Block did not oppose Intuit's statement.

The Court finds that compelling reasons exist to seal the portions of the documents for which Intuit seeks to maintain sealing.  "Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted).  Such competitive information can include confidential training materials, marketing information, and business data.  *See Baack v. Asurion, LLC*, No. 220-CV-00336, 2021 WL 3115183, at *1–4 (D. Nev. July 22, 2021); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016); *Algarin v. Maybelline, LLC*, No. 12-CV-3000, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal "confidential business material, marketing strategies, [and] product development plans [that] could result in improper use by business competitors seeking to replicate" those strategies).  The Court also finds that the request is narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **117-1** | Block's Opposition to Intuit's Preliminary Injunction Motion | Highlighted portions at 2:18; 6:14; 7:2; 7:7–8; 7:21–22; 11:5–6; 11:12; 11:23–24; 12:4; 12:10; 12:28; 13:16; and 17:23–25. | Denied as to the highlighted portions at 11:3–4, 12:11–12, 12:24–27, and 13:1–13:3, as Intuit does not seek to maintain those portions under seal. <br><br> Otherwise granted, as containing sensitive material related to tax expert training and confidential business data and metrics regarding customer satisfaction, product usage, and price testing.  *See* ECF No. 119-1 ¶¶ 5–12. |
| **113-1** | Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Highlighted portions at 1:20; 1:23; 1:25; and 2:1–2. | Denied as to the highlighted portions at ECF No. 113-1 at 1:13–19, 1:21–22, 1:24, 1:26–27 and 2:3–13, as Intuit does not seek to maintain these portions under seal. <br><br> Otherwise granted as to the highlighted portions indicated in this chart, as containing sensitive material related to tax expert training and confidential business data and metrics regarding customer satisfaction and product usage. *See* ECF No. 119-1 ¶¶ 6–7. |
| **113-6** | Exhibit 5 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at ¶¶ 5–8. | Granted as to the portions indicated in this chart, as containing sensitive and confidential business data and metrics regarding customer satisfaction.  *See* ECF No. 119-1 ¶ 5. <br><br> Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-7** | Exhibit 6 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Granted, as containing sensitive and confidential business data regarding the number of customers who filed using TurboTax Live Assisted and fell into certain sub-categories. *See* ECF No. 119-1 ¶ 6. |
| **113-8** | Exhibit 7 to the Declaration of Marissa Baron in Support of Block's Opposition to | In its entirety | Granted, as containing sensitive tax expert training materials. *See* ECF No. 119-1 ¶ 7. |

6

| | | | |
|---|---|---|---|
| | Intuit's Preliminary Injunction Motion | | |
| **113-9** | Exhibit 8 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Granted, as containing sensitive tax expert training materials. *See* ECF No. 119-1 ¶ 7. |
| **113-10** | Exhibit 9 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Denied, as Intuit does not seek to maintain this document under seal. |
| **113-11** | Exhibit 10 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Granted, as containing sensitive information related to tax expert training. *See* ECF No. 119-1 ¶ 8. |
| **113-13** | Exhibit 12 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Denied, as Intuit does not seek to maintain this document under seal. |
| **113-14** | Exhibit 13 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 19:19–20. | Granted as to the portions indicated in this chart, as containing sensitive and confidential business data regarding the number of customers who filed using TurboTax Live Assisted and fell into certain sub-categories. *See* ECF No. 119-1 ¶ 9.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-15** | Exhibit 14 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | In its entirety | Denied, as Intuit does not seek to maintain this document under seal. |

| | | | |
|---|---|---|---|
| **113-23** | Exhibit 22 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 150:21–151:4; 151:21–152:25; 153:9–10; 153:13; 153:18; 155:14–15; 155:17–23; and 156:2–5. | Granted as to the portions indicated in this chart, as containing discussions of sensitive and confidential business pricing and price testing strategy and data. *See* ECF No. 119-1 ¶ 10.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-24** | Exhibit 23 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 178:20–23; 179:12–15; and 179:22–23. | Granted as to the portions indicated in this chart, as containing discussions of sensitive and confidential business strategy. *See* ECF No. 119-1 ¶ 10.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-27** | Exhibit 26 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portion at 296:19–25. | Granted as to the portion indicated in this chart, as containing sensitive information related to tax expert training. *See* ECF No. 119-1 ¶ 10.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-28** | Exhibit 27 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portion at 87:2–25. | Granted as to the portion indicated in this chart, as containing sensitive documents related to tax expert training. *See* ECF No. 119-1 ¶ 11.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **113-29** | Exhibit 28 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 128:4–7; 128:9–129:10; 129:11–13; 129:16; 129:18; 129:21–24; 130:2–3; 130:7; 130:11; 130:24; 131:4; 131:7; and 131:16–132:20. | Granted as to the portions indicated in this chart, as containing sensitive business data and metrics. *See* ECF No. 119-1 ¶ 11.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| **117-2** | Exhibit 29 to the Declaration of Marissa Baron in Support of Block's Opposition to | Portion at 26:21–27:8. | Granted as to the portion indicated in this chart, as containing sensitive marketing strategy information. *See* ECF No. 119-1 ¶ 12. |

| | | | |
|---|---|---|---|
| | Intuit's Preliminary Injunction Motion | | Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| 117-3 | Exhibit 30 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 36:5–7; 36:9–13; 36:20–21; 36:23–25; and 37:2–4. | Granted as to the portions indicated in this chart, as containing sensitive marketing strategy information. *See* ECF No. 119-1 ¶ 12.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |
| 113-35 | Exhibit 34 to the Declaration of Marissa Baron in Support of Block's Opposition to Intuit's Preliminary Injunction Motion | Portions at 41:1–42:12; 43:4–6; 43:14–19; and 44:5–25. | Granted as to the portions indicated in this chart, as containing sensitive information regarding tax expert training. *See* ECF No. 119-1 ¶ 11.<br><br>Otherwise denied, as Intuit does not seek to maintain the entire document under seal. |

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion at ECF No. 114 is GRANTED.

2. The motion at ECF Nos. 115, 117 is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE.  Any refiled administrative motion or declaration SHALL be filed no later than **October 10, 2024**.  The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **October 10, 2024**, unless they are filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated:  September 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge

9