United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| INTUIT INC., | Case No. 5:24-cv-00253-BLF |
| Plaintiff, |  |
| v. | **ORDER GRANTING ECF NO. 123; GRANTING IN PART AND DENYING IN PART ECF NO. 124** |
| HRB TAX GROUP, INC., et al., |  |
| Defendants. | [Re: ECF Nos. 123, 124] |

Before the Court are two administrative motions filed in connection with Plaintiff Intuit Inc.'s ("Intuit") Reply in Support of Motion for Preliminary Injunction:

1. Intuit's Administrative Motion to File Under Seal Portions of Its Reply in Support of Motion for Preliminary Injunction. ECF No. 123.

2. Intuit's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 124.

For the reasons described below, the Court rules as follows: the administrative motion at ECF No. 123 is GRANTED and the administrative motion at ECF No. 124 is GRANTED IN PART AND DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)).  Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1180.  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing

1   party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the

2   party who designated the material as confidential must, within seven days of the motion's filing,

3   file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-

4   5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing

5   of the provisionally sealed document without further notice to the designating party.  *Id.*  Any

6   party can file a response to that declaration within four days.  Civ. L.R. 79-5(f)(4).

7   **II.   DISCUSSION**

8         **A.  ECF No. 123**

9         Intuit filed the Administrative Motion to File Under Seal Portions of Its Reply in Support

10  of Motion for Preliminary Injunction on September 5, 2024, ECF No. 123, seeking to seal portions

11  of its Reply brief and supporting documents, *id.* at 2.  Intuit writes that the materials should be

12  sealed because they contain "sensitive information related to Intuit's provision of an expert final

13  review for free to TurboTax Live Assisted customers," *id.*, and "sensitive confidential business

14  data and metrics," *id.* at 3.  Intuit argues that its competitors could use the information to harm

15  Intuit's competitive standing, such as by permitting them to develop similar expert assistance

16  services or to "modify their business strategies based on Intuit's proprietary data."  *Id.* at 3–4.

17  Finally, Intuit states that it has limited its request for sealing to materials it believes pose a direct

18  threat to Intuit's competitive standing.  *Id.* at 4.  Defendants HRB Tax Group, Inc. and HRB

19  Digital LLC (collectively, "Block") did not oppose Intuit's administrative motion.

20        The Court finds that compelling reasons exist to seal the portions of the documents for

21  which Intuit seeks to maintain sealing.  "Sources of business information that might harm a

22  litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing,

23  profit, and customer usage information kept confidential by a company that could be used to the

24  company's competitive disadvantage."  *Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL

25  2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted).  Such

26  competitive information includes confidential training materials, marketing information, and

27  business data.  *See Baack v. Asurion, LLC*, No. 220-CV-00336, 2021 WL 3115183, at *1–4 (D.

28  Nev. July 22, 2021); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082, 2020 WL 6387381, at *2

United States District Court
Northern District of California

(N.D. Cal. Feb. 24, 2020); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016).  The Court also finds that the request is narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **122** | Intuit's Reply in Support of Intuit's Motion for Preliminary Injunction | Highlighted portions at 4:8; 4:23–24; 4:27; 6:5; and 6:20–21. | Granted, as containing sensitive material related to tax expert training, the tools used to provide expert final reviews, and confidential business data and metrics.  *See* ECF No. 123-1 ¶¶ 5–7. |
| **122-1** | Joseph Lillie Declaration in Support of Intuit's Reply | Highlighted portions at 4:6–9; 4:19–20; 4:25–26; 5:9–13; 5:16–17; 5:19–20; and 5:22–23. | Granted, as containing sensitive tax expert training materials, the tools used to provide expert final reviews, confidential business data and metrics regarding customer satisfaction with expert final reviews, and the number of consumers who completed such reviews.  *See* ECF No. 123-1 ¶ 5. |
| **122-4** | Exhibit 60 – Elizabeth Berger Deposition Transcript Excerpts | Highlighted portions at 160:13–17; 162:2–9; 162:11–20; 162:22; 162:24– 163:7; 163:12; 163:14–17; 163:19–21; 163:23–25; 164:2–5; and 171:25. | Granted, as containing Intuit's pricing and test-pricing practices and strategies.  *See* ECF No. 123-1 ¶ 6. |
| **122-5** | Exhibit 61 – Joseph Lillie Deposition Transcript Excerpts | Highlighted portions at 43:1–6; 43:14–19; 44:5–45:16; 46:4–21; 50:9–13; 57:18–58:1; 58:3–5; 58:7–15; 58:20–23; 58:25–59:3; 59:5–8; 59:10–11; 59:13–60:2; 67:3–13; 67:15–22; 67:24–68:12; 68:23–70:1; 70:3–22; 109:1–2; 109:4–5; 109:7–8; 109:10–11; 110:4–5; 111:2–112:5; 112:7–113:1; 113:17–18; | Granted, as containing sensitive tax expert training materials, the tools used to provide expert final reviews, confidential business data and metrics regarding customer satisfaction with expert final reviews, and data concerning consumers who completed such final reviews.  *See* ECF No. 123-1 ¶ 7. |

United States District Court
Northern District of California

| | | 129:5; 129:9; 129:11–12; 129:13; 129:16; 129:18; 129:21–22; 129:23–24; 130:2–3; 130:7; 130:11; 130:24; 131:4; 131:7; 131:17; 131:23; 131:25; 135:7–18; and 136:11–25. | |
|---|---|---|---|

**B.  ECF No. 124**

Intuit filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on September 5, 2024.  ECF No. 124.  Block filed a statement setting forth the portions of Intuit's Reply and supporting exhibits that it believed should remain under seal.  ECF No. 131.  Block writes that the information should be sealed because it "contain[s] sensitive business information and other highly confidential material, which, if disclosed, could harm Block's competitive strategy in the online tax preparation market."  *Id.* at 4.  Block argues that "competitors could use Block's proprietary and confidential information to inform their own business decisions and marketing strategies to gain an advantage over Block," and that such competitors could also gain "insights into Block's internal workings" that might permit them to "undercut Block in an already incredibly competitive market."  *Id.* at 4–5.  Block notes that it is "requesting the most narrowly tailored relief available," including by declining to seek to maintain under seal some of the materials conditionally filed under seal by Intuit.  *Id.* at 5.

The Court finds that compelling reasons exist to seal the identified documents.  "Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage."  *Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) (internal alterations and citations omitted); *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding compelling reasons to seal documents containing confidential discussions about "proprietary business strategy, including pricing and marketing decisions"); *see Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016).  The Court also finds that the request is narrowly tailored.  *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---------|----------|--------------------|--------|
| **122** | Intuit's Reply in Support of Intuit's Motion for Preliminary Injunction | Highlighted Portions at 1:2–3, 3:20–21, 7:22–23, 8:14, 8:22–23, and 9:12–13. | Denied as to the highlighted portions at 1:22, 1:23–24, 1:26, 3:2, 5:5–10, 5:13, 5:14–15, 5:18–19, and 5:27–28, as Block does not seek to keep those portions under seal.  *See* ECF No. 131-1 ¶ 8.<br><br>Otherwise granted as to the highlighted portions indicated in this chart, as containing Block's business strategies, marketing strategies, and pricing decisions.  *See* ECF No. 131-1 ¶ 3. |
| **122-6** | Exhibit 62 – Watts Deposition Transcript Excerpts | Highlighted portion at 192:23. | Granted, as containing s testimony regarding Block's business strategy and decisions and marketing strategies.  *See* ECF No. 131-1 ¶ 4. |
| **122-8** | Exhibit 64 – Deplante Deposition Transcript Excerpts | In its entirety. | Denied, as Block does not seek to maintain this material under seal.  *See* ECF No. 131-1 ¶ 8. |
| **122-10** | Exhibit 66 – HRB0001528 | In its entirety. | Granted, as containing sensitive material related to Block's strategies with regard to the competitive pricing of its products.  *See* ECF No. 131-1 ¶ 5. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 123 is GRANTED.

2. ECF No. 124 is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE.  Any refiled administrative motion or declaration

United States District Court
Northern District of California

SHALL be filed no later than **October 10, 2024**.  The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions by **October 10, 2024**, unless they are filing a renewed sealing motion for any document in that filing.

**IT IS SO ORDERED.**

Dated:  September 25, 2024

BETH LABSON FREEMAN
United States District Judge