UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTUIT INC.,<br>        Plaintiff,<br>v.<br>HRB TAX GROUP, INC., et al.,<br>        Defendants. | Case No. 5:24-cv-00253-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 160] |

Before the Court is Plaintiff Intuit Inc.'s ("Intuit") Administrative Motion to Seal Portions of the Transcripts of the Preliminary Injunction Hearing on September 30 and October 1 and Exhibits Introduced at the Hearing. ECF No. 160 ("Mot."). For the following reasons, the Court GRANTS Intuit's motion.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

In addition, in this district, all parties requesting sealing must comply with Civil Local

Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II.   DISCUSSION

The Court finds that the "compelling reasons" standard applies because the motion for preliminary injunction is "more than tangentially related" to the merits of this lawsuit. *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702, 2017 WL 8294174, at *2 (N.D. Cal. Aug. 30, 2017); *E. W. Bank v. Shanker*, No. 20-CV-07364, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021).

Compelling reasons exist to seal the identified segments of the transcripts and exhibits. Intuit seeks to seal "portions of the preliminary injunction hearing transcripts and exhibits admitted at the hearing that contain sensitive information related to Intuit's provision of an expert final review" to TurboTax Live Assisted customers. Mot. at 1. The relevant information includes "competitively sensitive" training materials as well as details about the tools that Intuit uses to enable its tax experts to assist consumers. *Id.* at 1–2. Courts in this Circuit have recognized that the compelling reasons standard is satisfied for such confidential training materials. *See Cohan v. Provident Life & Accident Ins. Co.*, No. 213-CV-00975, 2014 WL 12596287, at *3 (D. Nev. Nov. 7, 2014); *Baack v. Asurion, LLC*, No. 220-CV-00336, 2021 WL 3115183, at *4 (D. Nev. July 22, 2021).

Additionally, Intuit seeks to seal "sensitive confidential business data and metrics." Mot. at 2. It is well-established that there are compelling reasons to seal confidential and competitively sensitive business data. *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "product-specific customer data that could be used to the company's competitive disadvantage"); *Adtrader,*

2

*Inc. v. Google LLC*, No. 17-CV-07082, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020).

Finally, the Court finds that the proposed redactions are narrowly tailored to seal only the sealable material. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **Intuit Ex. 8** | Intuit Internal Help Article, "Expert Review End-to-End Guide" | In its entirety | Granted, as containing sensitive tax expert training materials. *See* ECF No. 160-1 ¶ 5. |
| **Intuit Ex. 12** | Spreadsheet of TurboTax tNPS Scores from Tax Year 2023 | In its entirety | Granted, as containing sensitive and confidential business data and metrics. *See* ECF No. 160-1 ¶ 6. |
| **Intuit Ex. 17** | Intuit Internal Help Article, "What's the difference between an Expert Review and a Full Service upgrade?" | In its entirety | Granted, as containing sensitive tax expert training materials. *See* ECF No. 160-1 ¶ 5. |
| **Intuit Ex. 71** | Screenshot of "Preview My 1040" Tool | In its entirety | Granted, as revealing confidential and proprietary tax expert tools used by TurboTax experts. *See* ECF No. 160-1 ¶ 5. |

| Exhibit | Description | Portions to Seal | Ruling |
|---|---|---|---|
| **Intuit Ex. 78** | Screenshot of Two-Year Comparison Tool | In its entirety | Granted, as revealing confidential and proprietary tax expert tools used by TurboTax experts. *See* ECF No. 160-1 ¶ 5. |
| **Block Ex. 18** | Intuit Internal Guide, "TurboTax Live – Assisted" | In its entirety | Granted, as containing sensitive tax expert training materials. *See* ECF No. 160-1 ¶ 5. |
| **ECF No. 149** | Transcript of Hearing on 9/30/2024 | The highlighted portions at 24:8–11; 33:11–14; 37:3–4; 39:19–20; 41:14–42:22; 43:8–44:2; 44:10–14; 45:13–46:4; 46:18–47:11; 47:14–15; 47:18–48:6; 48:8–10; 48:18–49:13; 49:19–50:18; 63:11–14; 64:3–4; 64:22–23; 65:3–7; 65:15–66:17; 67:1–68:2; 68:5–19; 68:21–25; 69:3–16; 69:19–70:1; 70:3–9; 70:23–71:10; 96:8–16; and 98:5–7. | Granted, as containing sensitive material related to tax expert training and tools. *See* ECF No. 160-1 ¶ 5. |
| **ECF No. 149** | Transcript of Hearing on 9/30/2024 | The highlighted portions at 52:10–11; 52:13; 52:15–16; 52:21; 53:11; 53:13–15; 53:18; 53:22–23; 53:25; 54:6–7; 56:19; 56:22; 56:24–25; 57:5; 57:9; 71:20; 71:25; 72:4; 72:21; 72:25; 73:2; 74:15; 74:19; 75:1–2; 75:5; 75:16; 76:1; 76:10; 76:22; 76:24; 77:2; 79:16; 79:23; 83:2; 83:5; 91:2; 91:5; 95:9; 95:23–24; 96:20; 96:24–25; 97:1; 129:23; 152:11–15; 152:21–23; 162:23; 170:14; 170:18–19; 171:3; 172:10; 173:1; 187:13; 187:23; 187:25; 188:6; 188:10; 198:12; 198:18; 198:20–23; and 199:9. | Granted, as containing sensitive and confidential business data and metrics. *See* ECF No. 160-1 ¶ 6. |

4

| ECF No. 150 | Transcript of Hearing on 10/01/2024 | The highlighted portions at 305:24; 306:2–3; 345:18–21; and 346:1. | Granted, as containing sensitive material related to tax expert training and tools. *See* ECF No. 160-1 ¶ 5. |
|---|---|---|---|
| ECF No. 150 | Transcript of Hearing on 10/01/2024 | The highlighted portions at 301:25; 302:2; 347:1; 347:4–5; 348:24; 357:23; 358:1; and 377:2–3. | Granted, as containing sensitive and confidential business data and metrics. *See* ECF No. 160-1 ¶ 6. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Administrative Motion to Seal Portions of the Transcripts of the Preliminary Injunction Hearing on September 30 and October 1 and Exhibits Introduced at the Hearing (ECF No. 160) is GRANTED.

**IT IS SO ORDERED.**

Dated:  November 25, 2024

_____
BETH LABSON FREEMAN
United States District Judge

5