**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INTUIT INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HRB TAX GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No.  5:24-cv-00253-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR RELIEF FOR LATE FILING OF MOTION TO SEAL PORTIONS OF THE TRANSCRIPTS OF THE PRELIMINARY INJUNCTION HEARING AND ADMITTED EXHIBITS**<br><br>[Re: ECF No. 175] |

Defendants HRB Tax Group, Inc. and HRB Digital LLC (collectively, "Block") have filed an Administrative Motion for Relief for Late Filing of Motion to Seal Portions of the Transcripts of the Preliminary Injunction Hearing and Admitted Exhibits.  ECF No. 175 ("Mot.").  No response to the administrative motion was filed.  For the following reasons, the Court hereby GRANTS Block's motion.

**I.　　LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  "The good cause standard focuses on the diligence of the party seeking to extend deadlines and the reasons for seeking the modification." *Fireman's Fund Ins. Co. v. Electrolux Home Prod., Inc.*, No. 3:23-CV-01847, 2024 WL 947792, at *1 (S.D. Cal. Feb. 6, 2024) (citing *Johnson v. Mammoth Recreations,*

1 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

2     **II.    DISCUSSION**

3     Block seeks an order permitting it to file a belated motion to seal certain portions of the transcripts and exhibits from the hearing on Plaintiff Intuit, Inc.'s ("Intuit") motion for preliminary injunction. Mot. at 1. In assessing whether Block's failure to file its sealing motion by the deadline was the result of "excusable neglect," this Court "must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

    Block argues that permitting its counsel to file the motion to seal late "will not prejudice Intuit, as Block is simply requesting to seal or redact sensitive business information" that has previously been sealed by the Court. Mot. at 4. Block points out that the unsealed transcripts have not yet been publicly released, so the late filing will minimally impact the proceedings related to release of the transcripts. *Id.* The reason for Block's delay was that "Block's counsel did not receive any ECF notifications from the Court alerting counsel to the Court's docketing of entries 149 and 150, which set the October 15 deadline," and thus Block's counsel inadvertently failed to calendar the deadline. *Id.* at 1. Upon discovering the issue, "Block's counsel took immediate steps to address" the problem, including promptly seeking Intuit's consent for its late filing of its motion to seal. *Id.* at 1–3.

    The Ninth Circuit has declined to fashion a *per se* rule "against late filings attributable to any particular type of negligence." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004). Instead, courts consider the "the issue of excusable neglect within the context of the particular case." *Id.* at 859. Here, the Court understands that Block's counsel did not receive ECF notifications for the docket entries that included docket text restating the deadline for the motion to seal, and thus Block's counsel failed to calendar the deadline. ECF No. 175-1, Declaration of Abraham Tabaie in Support of Block's Administrative Motion for Relief for Late Filing of Motion to Seal ("Tabaie Decl.") ¶¶ 4, 7. While certainly ECF notifications are an important resource for

1  tracking court deadlines, the Court notes that it also stated the date that sealing motions would be due on the record during the hearing, *see* ECF No. 150 at 388:25–389:12, and that Intuit's timely motion to seal likely should have prompted Block's counsel to investigate the relevant deadline earlier.  Still, the Court agrees that, under the circumstances, a delay of slightly longer than a month will not significantly impact the proceedings—particularly given the fact that the transcripts and exhibits have not yet been publicly released—and that Block was reasonably prompt in seeking to address the issue once it was identified.  *See* Tabaie Decl. ¶¶ 9, 11–12.  The Court also does not see any indication of bath faith or of prejudice to Intuit.

In light of the minimal delay and prejudice, the Court finds that Block's failure to file its motion to seal by October 15 due to a calendaring mistake falls within the bounds of "excusable neglect."  *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223, 1225 (9th Cir. 2000) (finding excusable neglect even though the reason for the delay—out-of-country travel, after which it took the attorney two weeks to recover from jet lag and process his mail—was "admittedly, weak"); *see also Ahanchian*, 624 F.3d at 1262.  Based on the foregoing equitable analysis and the forgiving nature of the relevant standard, *Ahanchian*, 624 F.3d 1259, the Court finds that there is good cause to permit Block's late-filed motion to seal.  The administrative motion for relief is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 10, 2024

_____
BETH LABSON FREEMAN
United States District Judge

3