**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| INTUIT INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>HRB TAX GROUP, INC., et al.,<br><br>  Defendants. | Case No.  5:24-cv-00253-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE PRELIMINARY INJUNCTION HEARING TRANSCRIPTS AND ADMITTED EXHIBITS**<br><br>[Re: ECF No. 174] |

Before the Court is Block's Administrative Motion to Seal Portions of the Preliminary Injunction Hearing Transcripts and Admitted Exhibits. ECF No. 174 ("Mot."). No response to the administrative motion was filed. For the following reasons, the Court GRANTS Block's motion.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II.   DISCUSSION

The Court finds that the "compelling reasons" standard applies because the motion for preliminary injunction is "more than tangentially related" to the merits of this lawsuit. *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702, 2017 WL 8294174, at *2 (N.D. Cal. Aug. 30, 2017); *E. W. Bank v. Shanker*, No. 20-CV-07364, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021).

Compelling reasons exist to seal the identified segments of the transcripts and exhibits. Block seeks to seal "business information and marketing strategies . . . which Block keeps confidential and does not publicly disclose." Mot. at 2. This includes "internal business metrics," discussions about proprietary business strategy decisions, and "business data, pricing decisions, and marketing decisions." *Id.* Block argues that it "could be placed at a competitive disadvantage in the online tax preparation services marketplace" if this information was publicly released, and that the "relevant sealing requests are narrowly tailored" such that "there is no less restrictive alternative to redacting the information at issue." *Id.* at 2–3.

Courts in this Circuit have recognized that the compelling reasons standard is satisfied for such confidential strategic business information. *E.g.*, *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding "a good and compelling reason to seal" internal discussions regarding "proprietary business strategy"). It is also well established that there are compelling reasons to seal confidential and competitively sensitive business data. *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-

2

02864, 2016 WL 4091388, at *2 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "product-specific customer data that could be used to the company's competitive disadvantage"); *see Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage." (internal citation omitted)). Finally, the Court finds that the proposed redactions are narrowly tailored to seal only the sealable material. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **Intuit Ex. 49** | Internal Block Business & Marketing Deck | In its entirety | Granted, as containing Block's sensitive material related to business strategies and marketing decisions for the 2024 tax season. *See* ECF No. 174-1 ¶¶ 4, 8. |
| **Intuit Ex. 50** | Internal Block Business & Marketing Deck | In its entirety | Granted, as containing sensitive material related to business data and strategies for Block's DIY market plan. *See* ECF No. 174-1 ¶¶ 5, 8. |
| **Intuit Ex. 53** | Internal Block Draft Advertisement | In its entirety | Granted, as containing sensitive material related to Block's business and marketing strategies for its Tax Pro Review product. *See* ECF No. 174-1 ¶¶ 6, 8. |
| **Intuit Ex. 93** | Internal Block Document Including Business Metrics | In its entirety | Granted, as containing sensitive material related to Block's business data and metrics. *See* ECF No. 174-1 ¶¶ 7–8. |
| **ECF No. 149** | Transcript of Hearing on 9/30/2024 | The highlighted portions at 129:11–130:1; 130:4–9; 140:19–21; 141:7–12; 141:20–22; 142:7–10. | Granted, as containing testimony regarding Block's business strategy and decisions, business data, pricing decisions, and marketing strategies. *See* ECF No. 174-1 ¶ 3. |

| ECF No. 149 | Transcript of Hearing on 9/30/2024 | The highlighted portions at 136:9–13; 249:10–11; 249:23–250:7. | Granted, as containing testimony regarding Block's business data and metrics. *See* ECF No. 174-1 ¶ 3. |
|---|---|---|---|
| ECF No. 150 | Transcript of Hearing on 10/01/2024 | The highlighted portions at 321:4–16; 325:18–20; 330:22–25. | Granted, as containing n testimony regarding Block's business strategy and decisions, business data, pricing decisions, and marketing strategies. *See* ECF No. 174-1 ¶ 3. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Administrative Motion to Seal Portions of the Preliminary Injunction Hearing Transcripts and Admitted Exhibits (ECF No. 174) is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 10, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4